THE PEOPLE, *ex rel.* Buell and others, *vs.* THE CANAL AP-
PRAISERS.

THE SAME, *ex rel.* Williams, *vs.* THE SAME.

The board of canal appraisers is a tribunal limited in its powers by the stat-
ute, and has no authority to entertain claims not presented in the mode,
and within the period, prescribed by the statute creating it and defining its
powers.

Accordingly, *held*, that the appraisers had no jurisdiction in respect to claims
for damages not made within one year after the appropriation by the state
of the lands, waters, or streams taken for the use of the canal.

THESE causes came before the court upon demurrers to the
returns to writs of mandamus, commanding the defendants to
appraise certain canal damages, claimed by the relators to have
been sustained by them, by reason of the diversion of the waters
of the Genesee river, to feed the Erie and Genesee Valley canals,
or show cause, &c.

The appraisers decided that by reason of the expiration of
more than one year between the time when the appropriations
were made, and the time of the exhibition of the claims, the ap-
praisers had not jurisdiction thereof; and they therefore refused
to entertain the claims, or to hear the proofs in support of them,
or to make any other decision in the premises.

*E. Darwin Smith*, for the relators.

*Wm. Porter*, for the defendants.

*By the Court*, WELLES, J.  We are of the opinion that the
powers of the defendants were restricted by section 48, of article
3, of title 9, of chapter 9, of part first of the revised statutes,
(1 *R. S.* 226,) to the adjudication of claims for damages made
within one year after the appropriation by the state of the " lands,
waters or streams" taken.

The board of canal appraisers is a tribunal limited in its

The People *v.* The Canal Appraisers.

powers by the statute, and has no authority to entertain claims not presented in the mode and within the period prescribed by the statute creating it and defining its powers. The powers of the appraisers are as really limited to claims presented within the year, as if a proviso to that effect had been added to the forty-sixth section which creates their powers. The different sections are to be taken together and construed with reference to each other. They not only create the board and define its powers, but prescribe the time and manner of proceeding, both by the appraisers and claimants. If the legislature had power to limit the time of hearing claims by the appraisers, to such as should be presented in six or ten years, I am unable to see why they could not limit it to those presented within one year. It seems to me clear that it was as competent to limit their powers as to the time of presenting claims, as in any other particular, or, indeed, as to invest them with any powers whatever. That such limitation was intended by the legislature, I think can not be doubted. Their powers are derived from the statute alone, and none can be taken by implication, except such as are necessary to the execution of those expressly given.

Whether the relators have any other remedy, or whether the state has the right to appropriate the property of a citizen, and take it into possession, *without first paying for it*, are very different questions, and upon which it is not necessary to express an opinion at present. We only say that if the relators seek to avail themselves of the remedy for damages through the appraisers, they must take such remedy with all its restrictions and limitations. That remedy does not meet the case of damages not claimed within one year from the time of the appropriation. It therefore becomes unnecessary to consider the other questions raised upon the argument; and it follows that the defendants are entitled to judgment on the demurrers.

Judgment for defendants.